NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YANAN SUN,

                Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No. 20-70003

Agency No. A205-554-644

MEMORANDUM\*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022\*\*

Before:     FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Yanan Sun, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We grant in part and dismiss in part the petition for review, and we remand.

The BIA found no clear error in three factual findings the IJ relied on in support of an adverse credibility determination. Substantial evidence does not support two of those findings, specifically, the finding of an omission as to Sun's exposure to Christianity and the finding that Sun failed to provide sufficient details as to her practice of Christianity. *See Ren v. Holder*, 648 F.3d 1079, 1087 (9th Cir. 2011) (substantial evidence did not support the agency's adverse credibility findings where they were based on mischaracterizations of the record); *see also Iman v. Barr,* 972 F.3d 1058, 1065-66 (9th Cir. 2020) (petitioner's account determined sufficiently descriptive of pertinent events and where the agency did not identify which portions of testimony were lacking in detail). Thus, substantial evidence only supports the single remaining ground of the agency's adverse credibility determination, specifically, the finding of inconsistencies between Sun's testimony and supporting documents as to an encounter with police. *See Shrestha*, 590 F.3d at 1043-45 (overview of the analysis required to determine whether an inconsistency can support an adverse credibility determination).

An adverse credibility determination must be made and reviewed "based on the 'totality of the circumstances and all relevant factors,' not a single factor." *See Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Thus, we grant the petition for review and we remand Sun's asylum and withholding of removal claims on an open record to the BIA for reconsideration of the adverse credibility determination in light of the "totality of the circumstances [ ] and all relevant factors." *Id.* at 1135 (emphasis omitted) (citation omitted); *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Soto-Olarte v. Holder*, 555 F.3d 1089, 1095-96 (9th Cir. 2009).

In light of this disposition, we need not reach Sun's contentions regarding past persecution. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the court's review is limited to the actual grounds relied upon by the BIA).

As to CAT relief, neither the IJ nor the BIA addressed Sun's country conditions evidence in the assessment of whether she had identified any record evidence apart from her testimony found not credible that compelled the conclusion that it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to China. This was error. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010) ("Because the BIA failed to consider the Country Report at all, the proper course of action is to remand with instructions that the BIA reconsider [petitioner's] CAT claim in

light of the Country Report."). Thus, we grant the petition for review as to Sun's CAT claim and we remand to the BIA for further proceedings consistent with this disposition. *See id.*; *see also Ventura*, 537 U.S. at 16-18.

We do not consider the materials Sun references in her opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

To the extent Sun raises a political opinion claim, a disfavored group claim, and contends she was not allowed to fully testify as to how she was introduced to Christianity, we lack jurisdiction to consider these contentions. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review issues or claims not presented below).

Sun's removal is stayed pending a decision by the BIA.

The parties must bear their own costs on appeal.

**PETITION FOR REVIEW GRANTED in part; DISMISSED in part; REMANDED.**